IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 PENSION TRUST FUND,  )  )  ) | |
| Plaintiffs,  )  ) | |
| v.  )  ) | CASE NO. 2:11-cv-337 |
| IB & B, LLC d/b/a  ) ILLIANA BLOCK & BRICK  )  ) | |
| Defendant  ) | |

## OPINION & ORDER

This matter is before the Court on Plaintiffs Trustees of the Teamsters Union Local No. 142 Pension Trust Fund's Motion for Default Judgment [DE 8]. The Motion includes a supporting affidavit from Jay Smith, fund manager of the Teamsters Union Local 142 Pension Trust Fund [DE 8-1]. Because Defendant IB & B, LLC d/b/a Illiana Block & Brick has failed to respond to the Complaint, despite entering an appearance on October 20, 2011 [DE 7], the Motion for Default Judgment is **GRANTED**. I award to the Plaintiffs $14,064.62 ($11,160.00 in unpaid pension contributions, $672.62 in accrued interest, and $2,232.00 in liquidated damages) and interest at 10% per annum on the unpaid contributions from January 16, 2012, through the entry of judgment. However, because no documentary evidence or detailed affidavit has been submitted regarding the attorneys' fees and costs being sought, the Trustees' request for attorneys' fees is **DENIED WITHOUT PREJUDICE** to the Plaintiffs submitting the appropriate materials to the Court.

## BACKGROUND

Plaintiffs are the Trustees of the Teamsters Union Local No. 142 Pension Trust Fund

("the Fund"), an ERISA Employee Pension Benefit Plan [DE 1 at ¶ 3].  Illiana Block & Brick ("Illiana") employs members of the Teamsters Union Local No. 142 labor union and is a party to a Collective Bargaining Agreement with the union [*Id.* at ¶¶ 4-5; DE 8-1 at ¶ 3].  The CBA requires Illiana to make periodic contributions on behalf of its employees to the Fund in the amounts set forth by the CBA and other agreements between the parties that are referenced in the CBA [DE 1 at ¶ 7; DE 8-1 at ¶ 5].  The Fund was created and maintained by the Restated Agreement and Declaration of Trust (the "Trust Agreement"), which gives the Trustees the power  to demand and collect the required employer contributions to the Fund [*Id*. at ¶¶ 8-9; DE 8-4 at 13].  The Trust Agreement also provides that employers like Illiana are required to pay interest on all delinquent payments to the Fund [DE 1 at  ¶ 9; DE 8-1 at  ¶ 8; DE 8-4 at 13-14].  The Trust Agreement further empowers the Trustees to assess liquidated damages against an employer who is delinquent in making required contributions [DE 1 at ¶ 9; DE 8-1 at ¶ 12; DE 8-4 at 14].   Finally, the Trust Agreement requires employers to pay all collection expenses incurred by the Trustees in obtaining overdue contributions, including costs and legal fees [DE 1 at ¶ 9; DE 8-1 at ¶ 10; DE 8-4 at 13-14].

Beginning in September 2011, Illiana failed to report hours worked by union employees, and it has failed to make pension fund contributions to the Fund pursuant to the CBA [DE 1 at ¶ 10; DE 8 at 1; DE 8-1 at ¶¶ 6-7].  The Trustees brought this action on September 12, 2011, alleging that Illiana violated its obligations under the CBA, ERISA, and the Labor Management Relations Act [DE 1 at ¶ 10].  The Trustees sought an order directing Illiana to specifically perform its obligations under the CBA,  and damages for the violation of the CBA,  ERISA and the LMRA, as well as a declaratory judgment ordering Illiana to submit to a payroll audit and to

pay all outstanding amounts owed to the Fund, including interest, liquidated damages, and reasonable attorneys' fees [DE 1 at ¶ 11].

The Trustees served the Summons and Complaint on Illiana on September 19, 2011 [DE 4]. Illiana has not filed a response to the Complaint. The Trustees filed an Application for Clerk's Entry of Default on October 11, 2011 [DE 5], and the Clerk entered default the following day [DE 6]. On October 20, 2011, eight days after the Clerk entered default, Illiana filed an appearance [DE 7], but it has done nothing further and has still not responded to the Complaint. The Trustees filed this Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) and 58 on January 16, 2012 [DE 8]. Illiana has not responded to the motion. The Trustees now seek $18,678.48 in damages: $11,160.00 in delinquent contributions to the trust, $672.62 in accrued interest, $2,232.00 in liquidated damages, and $4,613.86 in attorneys' fees and costs [DE 8].

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Fed. R. Civ. P. 55. Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). Because the clerk has already entered default against Illiana, I may now enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment. Those factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical,

whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 2685 (3d ed. 2007); see *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are clearly established. This case has been pending since September 12, 2011, yet Illiana has shown no intention of responding to the Complaint in the several months since it was served. Its entry of an appearance on October 20, 2011, following the Clerk's entry of default, could have indicated Illiana's intent to participate in the proceedings, but it has been five months and Illiana has still done absolutely nothing. For example, Illiana has not filed a motion to vacate the entry of default, and despite being served with the present motion for default judgment, it has not responded to it. So the default is not a simple technicality. And no material issues of fact have been presented due to Illiana's failure to participate in the lawsuit. Furthermore, it is in the public interest to ensure that payments to pension funds agreed to in a CBA are actually paid. The amount of money sought in this case is not trivial, and Illiana's refusal to respond to the Trustees' Complaint prejudices the Trustees by delaying their receipt of the money at issue.

A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). When a court determines that a defendant is in default, all well-pleaded allegations in the complaint will be taken as true. *Id.* at 605. Here, this means that I must accept as true the Trustees' assertions that Illiana is liable to the Trustees for unpaid pension fund contributions.

Yet while the factual allegations relating to liability are taken as true, the amount of

damages must be proved. *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). I am required to ascertain the "amount of damages with reasonable certainty." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (internal citation omitted). This often means that the court must hold a hearing or conduct an investigation to determine the amount of damages. But no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement*, 772 F.2d at 1323; *see also Pope v. United States*, 323 U.S. 1, 12 (1994). Moreover, an evidentiary hearing is often unnecessary where a party seeks statutory damages. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 WL 1775512, at *3 (N.D. Ill. April 17, 2008) (citing *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir. 2002)). There is no need for such a hearing here.

In this case, Illiana violated its obligations under the CBA and Trust Agreement when it failed to make required pension fund contributions. Additionally, ERISA provides that employers who are obligated by collective bargaining agreements to make contributions to ERISA plans must, in fact, do so, *see* 29 U.S.C. § 1145, and directs courts to award fiduciaries like the Trustees in this case damages for unpaid plan contributions, interest, liquidated damages, and reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2).

The Trustees' submission of the affidavit of Jay Smith, and its supporting exhibits, the CBA, billing records, the Trust Agreement, and Employer Contribution Collection Policy, has demonstrated to me the requisite proof as to the amount of damages that have occurred from Illiana's failure to pay the required pension fund contributions. Mr. Smith's affidavit states that the CBA requires Illiana to pay defined contributions for each union employee into the Fund,

and that Illiana failed to make the required contributions into the Fund for the months of September 2011 through December 2011 in the total amount of $11,160.00 [*Id.* at ¶¶ 4-7; DE 8-3]. 29 U.S.C. § 1132(g)(2)(A) requires me to award damages resulting from Illiana's unpaid pension contributions as a result of my judgment in favor of the Trustees, and I find that the Trustees have proven that the outstanding monies owed are $11,160.00.

Next, Mr. Smith's affidavit establishes that the Trust Agreement and the Employer Contribution Collection Policy require Illiana to pay interest in the amount of 10% per annum on the overdue plan contributions [DE 8-1 at ¶ 8; DE 8-4 at 13-14; DE 8-5 at 2]. The outstanding interest charges on previous late payments and unpaid contributions are $672.62 [DE 8-1 at ¶ 9; DE 8-3; DE 8-6]. I find that this is the correct measure of the interest due on the overdue contributions, and pursuant to 29 U.S.C. § 1132(g)(2)(B), I award the Trustees $672.62.

Mr. Smith's affidavit also establishes that the Trust Agreement and the Employer Contribution Collection Policy require Illiana to pay liquidated damages in the sum of 20% of the total amount of overdue contributions [DE 8-1 at ¶ 12; DE 8-4 at 13-14; DE 8-5 at 2]. The Trustees are seeking $2,232 in liquidated damages, or 20% of the outstanding contributions, $11,160 [DE 8-1 at ¶ 12; DE 8-4 at 13-14; DE 8-5 at 2]. 29 U.S.C. § 1132(g)(2)(C)(ii) directs me to award the Trustees liquidated damages in an amount provided for under the plan, so long as they do not exceed 20 percent of the outstanding contributions. Here, the Employer Contribution Collection Policy provides that the liquidated damages will be twenty percent of the outstanding contributions [DE 8-5 at 2], which is in compliance with the statute. Accordingly, I award the Trustees $2,232 in liquidated damages.

However, the Trustees also seek attorneys' fees and costs of $4,613.86 [DE 8 at 3; DE

8-1 at ¶¶ 10-11).  ERISA entitles the Trustees to reasonable attorney fees, but a party seeking a fee award "bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999); *see also Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 494-95 (7th Cir. 2011) (burden of proving the appropriateness of fees in ERISA case is on the party seeking them).

Although Mr. Smith attests in his affidavit that these fees are reasonable, this is not sufficient information from which I can conclude "with reasonable certainty" that these were the expenses accrued and that they were reasonable. *Catt* 368 F.3d at 793.  I have not been provided with information about either the hours worked or the hourly rates claimed.  Although both 29 U.S.C. § 1145(g) and the Trust Agreement provide that Illiana is responsible for collection expenses, including attorneys' fees and costs due to delinquent pension contributions [DE 8 at 3; DE 8-4 at 13-14], I am unable to grant judgment for these amounts at this time because no documentary evidence or detailed affidavit – such as billing or time records, detailed invoices, or an explanatory attorney affidavit – have been submitted to establish that the fees and costs sought have been reasonably incurred.  I will, however, grant leave to the Trustees to file the appropriate supporting materials within ten days to prove that they reasonably incurred $4613.86 in attorneys' fees and costs.  Otherwise judgment will be entered without regard to attorney's fees.

## CONCLUSION

For the foregoing reason, Plaintiffs' Motion for Default Judgment is **GRANTED** in part and **DENIED** in part.  Defendant, IB & B, LLC d/b/a Illiana Block & Brick is ordered to pay the Trustees of the Teamsters Union Local No. 142 Pension Trust Fund damages in the amount of

$14,064.62 ($11,160.00 in unpaid pension contributions, $672.62 in accrued interest, $2,232.00 in liquidated damages) and interest in the amount of 10% per annum on the unpaid contributions from January 16, 2012 through the entry of judgment.  The Court hereby directs Plaintiff to submit documentary evidence or a detailed affidavit supporting its request for attorneys' fees and costs by April 2, 2012.  The Clerk is instructed to withhold entry of judgment until further order of the court.

**SO ORDERED.**
ENTERED: March 21, 2012.

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court
