IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION | ) | |
| LOCAL NO. 142 PENSION TRUST FUND, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-cv-337 |
| | ) | |
| IB & B, LLC d/b/a | ) | |
| ILLIANA BLOCK & BRICK | ) | |
| | ) | |
| Defendant | ) | |

## **OPINION & ORDER**

This matter is before the Court on Plaintiffs Trustees of the Teamsters Union Local No. 142 Pension Trust Fund's Motion for Default Judgment [DE 8] and affidavit supporting the Plaintiff's request for attorneys' fees [DE 10]. On March 21, 2012, I granted the Plaintiffs' Motion for Default Judgment in part, awarding the Plaintiffs $14,064.62 in damages, plus interest, but because no documentary evidence or detailed affidavit was submitted regarding attorneys' fees and costs, I denied the request for those fees and costs without prejudice to the Plaintiffs submitting the appropriate materials [DE 9]. Pursuant to that Order, the Plaintiffs have now submitted the affidavit of attorney Teresa A. Massa [DE 10].

Although the Plaintiffs initially sought $4,613.86 in attorneys' fees and costs, Massa's affidavit establishes that some of those fees were in fact incurred in the collection of a previous judgment against the same defendant, and the Plaintiffs have revised their request for costs and fees to only $1,876.41.

As noted in the Order granting the Plaintiffs' Motion for Default Judgment [DE 9], ERISA entitles the Trustees to reasonable attorney fees, but a party seeking a fee award "bears

the burden of proving the reasonableness of the hours worked and the hourly rates claimed."
*Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999); *see also Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 494-95 (7th Cir. 2011) (burden of proving the appropriateness of fees in ERISA case is on the party seeking them). "The party seeking the fee award bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Spegon v. Catholic of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). Hours are not reasonably expended "if they are excessive, redundant, or otherwise unnecessary." *Stark v. PPM Am, Inc.*, 354 F.3d 666, 674 (7th Cir. 2004).

Ms. Massa's affidavit [DE 10] has provided me with sufficient information to conclude "with reasonable certainty" that these were the expenses accrued and that they were reasonable. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The affidavit states that the Plaintiffs have incurred $1,480.00 in attorneys' fees, as well as $396.41 in court costs [DE 10 at ¶ 9], and provides itemized billing statements outlining the time spent on various tasks in prosecuting this claim, as well as the amount charged for each task [DE 10 at 3-6]. Furthermore, the affidavit includes a sufficiently itemized statement for filing fees and postage [DE 10 at 6]. Costs recoverable as reasonable attorney fees include "postage, long distance calls, xeroxing. . . ." *Clark v. Oakhill Condo Ass'n, Inc.*, 2011 U.S. Dist. Lexis 35228, at *7 (N.D. Ind. March 31, 2011) (quoting *Heiar v. Crawford County*, 746 F.2d 1190, 1203 (7th Cir. 1984). I find the claims for attorneys' fees and costs reasonable.

## **CONCLUSION**

For the foregoing reasons, I now **GRANT** the Plaintiffs' request for attorney's fees and costs contained in their Motion for Default Judgment [DE 8]. Defendant IB & B, LLC d/b/a

Illiana Block & Brick is **ORDERED** to pay Plaintiffs in the amount of $1,876.41 and interest in the amount of 10% per annum on the unpaid contributions from January 16, 2012 through the entry of judgment. The Clerk is now **ORDERED** to enter a judgment of default consistent with the Court's March 21, 2012 opinion granting the Motion for Default Judgment [DE 9].

    **SO ORDERED.**

    ENTERED: May 16, 2012.

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court
